**SYNANON CHURCH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 82–2303.

United States District Court, District of Columbia.

March 2, 1983.

Philip C. Bourdette and David R. Benjamin of Bourdette, Benjamin & Weill, Badger, Cal., Geoffery Gitner of Scherr, Krebs & Gitner and Bruce R. Hopkins, Washington, D.C., for plaintiff.

Thomas M. Lawler and John J. McCarthy of the Dept. of Justice, Tax Division, Washington, D.C., for defendant.

## MEMORANDUM ORDER

CHARLES R. RICHEY, District Judge.

Plaintiff, Synanon Church, (hereinafter "Synanon") has brought this action under Section 7428 of the Internal Revenue Code (hereinafter the "Code") for a declaratory judgment that it is a tax exempt organization.[1] In its complaint, Synanon demanded a jury trial on this issue. Defendant, believing that jury trials are not available in cases brought under § 7428, has filed a Motion to Strike Plaintiff's Jury Demand. That motion is now before the Court. Although this issue appears to be a question of first impression, the Court is convinced that Congress did not intend to provide jury trials in suits under § 7428. Therefore, defendant's motion will be granted and this case will be tried to the bench.

 Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). This doctrine dictates both whether the United States may be sued and how it may be sued. *See 5 J. Moore Federal Practice* ¶ 38.31[2] (2d ed. 1982). There is no Constitutional right to a jury trial in suits against the United States. *Galloway v. United States,* 319 U.S. 372, 388–389, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943). Therefore, in order to determine whether a jury trial is available in such suits, one must look to the statute under which the action is brought—i.e., the statute that operates as a waiver of sovereign immunity. *Id.*

1. In a previous ruling on Defendant's Motion for Partial Dismissal, the Court held that plaintiff's action must be limited to seeking a declaratory judgment that it was tax exempt for fiscal years 1977 and 1978.

2. Plaintiff cites 28 U.S.C. § 2201 (otherwise known as the Declaratory Judgment Act) in support of this proposition. This Act creates the remedy of declaratory judgments in certain actions, including those under § 7428. It is important to note, however, that § 2201 is not

 In this case, suit is brought under § 7428 of the Code. Jurisdiction to hear cases under Code § 7428 is conferred by 28 U.S.C. § 1346(e) which states that: "The district courts shall have *original jurisdiction* of any civil action against the United States provided in . . . section 7428 (in the case of the United States district court for the District of Columbia). . . ." The availability of jury trials in cases brought pursuant to § 1346(e) is dictated by 28 U.S.C. § 2402. That section provides:

*Jury trial in actions against the United States*

Any action against the United States under section 1346 [except section 1346(a)(1)] *shall* be tried by the court without a jury. . . . [Emphasis added].

Thus, it follows that actions such as this one, seeking a declaratory judgment under § 7428 are not to be tried to a jury.

 Plaintiff argues that § 1346(e) is not the appropriate jurisdictional statute for this action. Rather, plaintiff explains, § 7428 itself confers jurisdiction upon the Court and therefore §§ 1346 and 2402 are irrelevant. Having thus avoided the proscriptions of § 2402, plaintiff contends that actions under § 7428 must be treated the same as any other action for a declaratory judgment in which issues of fact may be tried to a jury.[2] *See Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 504, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959).

 The Court finds two flaws in plaintiff's argument. First, upon careful examination of the legislative history, the Court is convinced that § 7428 is not a jurisdictional statute. Prior to 1976, no declaratory

a jurisdictional statute. *Schilling v. Rogers,* 363 U.S. 666, 677, 80 S.Ct. 1288, 1295, 4 L.Ed.2d 1478 (1960).

Plaintiff also argues that the right to a jury trial in this action is conferred by Rule 57 of the Federal Rules of Civil Procedure. This argument is seriously misguided. The Federal Rules of Civil Procedure do exactly what their name implies—they establish procedural rules. They do not create substantive rights. 1B *J. Moore Federal Practice* ¶ 0.501[3] (2d ed. 1982).

relief was available in suits regarding federal taxes. *See Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). Then, in 1976, Congress amended 28 U.S.C. §§ 1346(e) and 2201 and enacted § 7428 of the Code. Act of Oct. 4, 1976, Pub.L. No. 94–455, Title XIII, §§ 1306(a), (b)(7) and (b)(8), 90 Stat. 1525, 1717–20. The language of these sections makes it clear that the reason for amending § 2201 and enacting § 7428 was to waive the sovereign immunity of the United States and to make declaratory relief available. No mention of jurisdiction is made in either of these statutes.

By contrast, § 1346(e) is a statute that was clearly intended to confer jurisdiction. It states that "[t]he district court shall have original jurisdiction" over actions under § 7428. In addition, the public law amending the section states: "Section 1346(e) . . . (*relating to jurisdiction of district courts with the United States as defendant*) is amended [to include § 7428]." Pub.L. No. 94–455 § 1306(b)(7) [emphasis added]. Moreover, to hold that § 7428 is itself a jurisdictional statute would require the conclusion that the amendment of § 1346(e) was entirely superfluous. This Court is hesitant to conclude that Congress acted for naught.

The second problem the Court finds with plaintiff's argument, is that it incorrectly states the presumptions applicable in this situation. According to plaintiff, it should be entitled to a jury trial because there is no statutory proscription of jury trials under § 7428 and, in the absence of a statutory bar, jury trials are available as a matter of right in most declaratory judgment actions. However, this proposition is not applicable to cases against the government. As previously noted, there is no right to a jury trial in cases against the government. *See* p. 1330 *supra.* Rather, jury trials are only available in cases in which the United States is a defendant if the statute under which the plaintiff proceeds specifically provides such a right. *Id.* Plaintiff does

not even attempt to argue that § 7428 specifically provides a right to trial by jury and the Court concludes that jury trials are in fact prohibited in such actions.

Accordingly, it is, by the Court, this 2nd day of February, 1983 hereby,

ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand is granted and the trial of all issues in this case shall be to the bench.

#### On Motion For Partial Dismissal

This matter is before the Court on Defendant's Motion for Partial Dismissal. For the reasons set forth herein, the Court will grant defendant's motion.

### FACTS

Plaintiff filed this suit on August 16, 1982 seeking a declaratory judgment pursuant to § 7428 of the Internal Revenue Code (hereinafter the "Code") that it is an organization exempt from taxation under Code § 501(a). Code § 501(a) exempts from taxation organizations described in § 501(c)(3), that is, "corporations . . . organized and operated exclusively for religious, charitable . . . or educational purposes . . . no part of the net earnings of which inures to the benefit of any private shareholder or individual."

For all fiscal years prior to the one ending on August 31, 1977 [1], plaintiff, Synanon Church (hereinafter "Synanon") was treated as an organization exempt from taxation under Code § 501(a). However, the Internal Revenue Service (hereinafter the "Service") conducted an audit of Synanon's activities for fiscal years 1977 and 1978 and, as a result of these audits, determined that Synanon's tax exempt status should be revoked. On May 19, 1982, the Service informed plaintiff that its tax exempt status was revoked because the Service had determined that it was not operated exclusively for any exempt purpose and that its net earnings inured to the benefit of private individuals. Defendant also issued a News Release on May 28, 1982 stating that contri-

---

1. Plaintiff is operated on the basis of a fiscal year ending on August 31st. Henceforth, the Court will identify each tax year solely by its fiscal year designation.

butions to plaintiff "no longer qualif[y] for advanced assurance of the deductibility of contributions" and published a notice of the revocation in the June 14, 1982 Internal Revenue Bulletin. Neither Synanon nor the Service took any action affecting plaintiff's tax status for any year after fiscal 1978.

In this suit, Synanon seeks a declaratory judgment that it is entitled to the same tax exempt status for all years after fiscal 1976 that it enjoyed in that and prior years. Defendant admits that jurisdiction properly lies in this Court to consider plaintiff's request for a declaratory judgment that it was tax exempt for fiscal years 1977 and 1978. However, in this motion defendant contends that the Court lacks subject matter jurisdiction to make a declaration as to plaintiff's status for fiscal years 1979 to the present. Defendant's motion rests upon two bases. It claims that the Court has no jurisdiction over years beyond fiscal 1978 because, contrary to the requirements of § 7428: (1) the Service has not made a "determination" as to those years, and (2) administrative remedies were not exhausted for those years.[2]

It appears to the Court that, in this case, these two arguments are really the same. If the plaintiff had received a final determination for all years in question, it would have exhausted its administrative remedies. Conversely, if it had exhausted its administrative remedies, it would have received a final determination.[3] *See also* 26 C.F.R. § 601.201(n)(7)(iv) (1982) ("§ 7428(b)(2) of the Code requires that an organization must exhaust its administrative remedies by taking timely, reasonable steps to secure a determination") and (v) (an organization has not exhausted unless it receives a notice

of final determination or unless 270 days have passed since a determination was requested.) Regardless, of whether these arguments can be distinguished, the important question in this litigation is whether the Service's final determination for fiscal years 1977 and 1978 provides the basis for plaintiff to sue for a declaration of its status, for those, and all subsequent years, or whether administrative remedies must be exhausted for every year for which a declaratory judgment is sought. The Court concludes that the latter is correct.

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS FOR ALL YEARS SUBSEQUENT TO FISCAL 1978 BECAUSE THE PLAINTIFF HAS NOT EXHAUSTED ITS ADMINISTRATIVE REMEDIES FOR THOSE YEARS

■ Plaintiff contends that it has satisfied the requirements of § 7428. It argues that the determination of non-exempt status issued by the Service, on the basis of the 1977 and 1978 audits, operates as a *final* and prospective determination that Synanon is not tax exempt. Furthermore, plaintiff argues, defendant itself has treated the determination as final and prospective by informing plaintiff that it would be required to file corporate income tax forms and by publicly announcing that plaintiff had been found non-exempt.

Plaintiff is correct that the Service has now placed it in the category of organizations subject to taxation—a determination to that effect was made based on two years of audits disclosing that plaintiff should be non-exempt. However, that determination

---

**2.** Section 7428 of the Code confers jurisdiction on this Court "[i]n a case of actual controversy involving . . . a determination by the Secretary . . . with respect to the initial qualification or continuing qualification of an organization as an organization described in § 501(c)(3) which is exempt from tax under § 501(a) . . . ." I.R.C. § 7428(a) That section also provides that "[a] declaratory judgment or decree under this section shall not be issued in any proceeding unless [the court] determines that the or-

ganization involved has exhausted administrative remedies available to it within the Internal Revenue Service." I.R.C. § 7428(b)(2).

**3.** One may also be deemed to have exhausted administrative remedies once 270 days have passed and the Service has failed to act upon a request for determination. However, this fact has no bearing on this case because Synanon did not seek a determination from the Service for any year after fiscal 1978.

does not serve as a final decision eliminating any requirement for plaintiff to seek further administrative relief. Rather, it shifts to plaintiff the burden of taking further action to restore its exempt status. Each tax year constitutes a separate cause of action. *See Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Therefore, if plaintiff believes that it should be declared exempt for its activities in fiscal years 1979, 1980, etc., it should petition for exempt status for those years.[4] *New Life Tabernacle v. Commissioner,* Tax Ct.Mem.Dec. (P–H) ¶ 82,367 at 82–1594 n. 16. Until plaintiff so applies, the Service can not make a determination with respect to those years. Absent a determination, there is nothing for the Court to review. Consequently, plaintiff has not exhausted its administrative remedies for years subsequent to 1978 and can not seek a declaratory judgment under § 7428 for those years.[5]

Plaintiff's position appears to be premised upon the notion that Synanon is naturally entitled to exempt status. From this premise flows the conclusion that once that status is revoked, Synanon has been wronged and has a cause of action from that time forward. However, this position is inconsistent with the procedure of the exemption process. In fact, no organization is automatically entitled to exemption under Code § 501(c)(3). Initially, an organization must apply for exempt status under that section. 26 C.F.R. § 601.201(n)(1) (1982); 2 Rabkin & Johnson, *Federal Income and Estate Taxation* § 208A. If it is determined to qualify as an exempt organization under § 501(c)(3), the organization will be treated as exempt unless and until the Service undertakes to examine its operations and determines that it no longer qualifies. Similarly, if the Service determines that revocation of exempt status is proper, that determination too will stand until it is successfully challenged.

Thus, once exempt status is revoked the onus is upon plaintiff to regain that status. There are several ways to challenge revocation. For the years in which the Service has made a determination that plaintiff is non-exempt, plaintiff may bring an action to be declared exempt. For the years that the Service has not addressed, plaintiff must reapply for exempt status (thus requesting a determination from the Service as to its status for those years) and exhaust all available appeals. If a final adverse determination results, suit is then proper.[6] Absent suit, the revocation of exemption

---

**4.** Furthermore, the fact that the Service issued a news release and published a notice of revocation has no effect on the Court's conclusions. Such publications neither serve to make the Service's actions more final nor do they relieve the plaintiff of its statutory obligation to exhaust administrative remedies prior to seeking declaratory relief.

**5.** One of the purposes of requiring plaintiff to appeal a *determination* by the Service is that once a determination is made, a record has been created and the Service has arrived at a conclusion that it can defend. If the Court allows plaintiff to challenge its status for years in which no such determination has been made, the Service would be required to perform all of the background work that usually precedes arriving at a determination now. It would have to determine if it held a position adverse to plaintiff's—i.e., if it believed plaintiff should be non-exempt for the years in question. In the process, the Service would develop a record to defend that determination. Requiring the Service to do that work now would be unduly burdensome and would cause undue delay in this action.

Moreover, the fact that no administrative record has been created for those years (because no audit was conducted) is another factor supporting the Court's Opinion. As this district has noted, "Congress apparently contemplated that the judicial proceedings would be limited to a judicial review of the Service's ruling for error primarily based upon the administrative record . . . ." *Prince Edwards School Foundation v. Commissioner,* 478 F.Supp. 107, 110 (D.D.C.1979). Each time a plaintiff files for exemption a new administrative record is created and new judicial review is appropriate. *New Life Tabernacle v. Commissioner, supra.* This Court has no jurisdiction to review time periods for which no record has been created.

**6.** In a suit to overturn a determination to revoke exempt status, plaintiff has the burden of proof to establish that revocation was erroneous. *See Animal Protection Institute, Inc., v. United States,* 78–2 U.S.T.C. ¶ 9709 at 85,376 (Ct.Cl.).

will, as a matter of administrative practice, remain in effect until plaintiff once again seeks exempt status.[7] 26 C.F.R. § 601.-201(m)(1) (1982).

In conclusion, the fact that the Service's last determination was adverse to Synanon does not give it the right to seek declaratory relief for all subsequent years. Rather, Synanon must seek a determination from the Service as to its status for each year for which such relief is requested. Because Synanon has not sought such determinations, it has failed to comply with the jurisdictional provisions of § 7428. Consequently, the Court is unable to grant the relief provided by that section and will dismiss plaintiff's claims for all years subsequent to 1978.[8]

An order consistent with the foregoing will be issued of even date herewith.

---

7. It was on the basis of this practice that plaintiff was informed that it should file corporate income tax forms for years after 1978. The fact that plaintiff was so instructed does not demonstrate, as plaintiff argues, that the Service had in fact determined that Synanon was non-exempt for all future years.

8. The Court notes that plaintiff will not be prejudiced by the Court's finding that it has no jurisdiction over plaintiff's suit for any years other than fiscal 1977 and 1978. Plaintiff's remedy is to apply to the Service for exemption for these years. Application may be made retroactive and exempt status may be retroactively restored. Additionally, refund suits are available should plaintiff succeed in having its exempt status reinstated.